**<u>EXHIBIT A</u>**

Case 2:26-cv-03419-PD    Document 1-4    Filed 05/19/26    Page 1 of 16

Case# 2025-29966-9 Docketed at Montgomery County Prothonotary on 04/13/2026 4:09 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

## IN THE COURT OF COMMON PLEAS OF MONTGOMERY COUNTY, PENNSYLVANIA

TOWANDA MOON

vs.

NORRISTOWN STATE HOSPITAL

NO. 2025-29966

## PRAECIPE TO REINSTATE / REISSUE

TO THE PROTHONOTARY:

(     )     REISSUE WRIT

(     )     REINSTATE COMPLAINT


ORIGINAL SIGNATURE RETAINED
BY THE FILING PARTY
Signature/ID Number

GREGG L ZEFF, ESQ.
Print Name

PIER 5 AT PENN'S LANDING
Address

PHILADELPHIA, PA 19106

8567789700
Phone



## IN THE COURT OF COMMON PLEAS OF MONTGOMERY COUNTY, PENNSYLVANIA

Case# 2025-29966-0 Docketed at Montgomery County Prothonotary on 08/09/2025 2:59 PM, Fee = $Q00.50

TOWANDA MOON

vs.

NORRISTOWN STATE HOSPITAL

**REINSTATED**

No. 2025-29966
Dominic Antenucci 4/13/2026

### NOTICE TO DEFEND – CIVIL

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.

IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.

LAWYER REFERENCE SERVICE
MONTGOMERY BAR ASSOCIATION
100 West Airy Street (REAR)
NORRISTOWN, PA

19404-0268 (610) 279-9660, EXTENSION 201

PRIF0034
R 10/11

IN THE COURT OF COMMON PLEAS OF MONTGOMERY COUNTY, PENNSYLVANIA

TOWANDA MOON

vs.

NORRISTOWN STATE HOSPITAL

NO. 2025-29966

## CIVIL COVER SHEET

State Rule 205.5 requires this form be attached to any document commencing an action in the Montgomery County Court of Common Pleas. The information provided herein is used solely as an aid in tracking cases in the court system. This form does not supplement or replace the filing and service of pleadings or other papers as required by law or rules of court.

Name of Plaintiff/Appellant's Attorney:  GREGG L ZEFF, ESQ., ID: 52648

Self-Represented (Pro Se) Litigant [ ]

**Class Action Suit**     [ ] Yes     [X] No

**MDJ Appeal**     [ ] Yes     [X] No     **Money Damages Requested** [X]

**Commencement of Action:**     **Amount in Controversy:**

Complaint     More than $50,000

## Case Type and Code

Tort: _____

Other _____

**Other:**     EMPLOYMENT

Case# 2025-29966-0 Docketed at Montgomery County Prothonotary on 02/09/2026 2:59 PM, Fee = $90.00 The filed and the filed document is identified with the provisions of title the Public Access Policy of the Unified Judicial System of Pennsylvania Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

ZEFF LAW FIRM LLC
Gregg L. Zeff, Esquire
Eva C. Zelson, Esquire
100 Century Parkway, Suite 160
Mt. Laurel, NJ 08054
(856) - 778 - 9700
gzeff@glzefflaw.com                                          *Attorneys for Plaintiff*

## IN THE COURT OF COMMON PLEAS
## MONTGOMERY COUNTY, PENNSYLVANIA

| | |
|---|---|
| TOWANDA MOON<br>331 W. Logan Street<br>Norristown, PA 19401 | CIVIL ACTION NO. |
| *Plaintiff,* | JURY TRIAL DEMANDED |
| v. | |
| NORRISTOWN STATE HOSPITAL<br>1001 Sterigere Street<br>Norristown, PA 19401 | |
| *Defendant.* | |

## CIVIL ACTION

Plaintiff, Towanda Moon, by and through her attorneys, brings this civil matter against

Defendant Norristown State Hospital alleging she Was subjected to unlawful violations of Title

VII of the Civil Rights Act of 1964 (Title VII), the Pennsylvania Human Relations Act (the

"PHRA") and the Family Medical Leave Act (the "FMLA") and avers and alleges as follows:

## PARTIES

1. Towanda Moon (hereinafter "Plaintiff") is an African American woman who resides at

the above address.

2. Defendant Norristown State Hospital (hereinafter "Defendant") is a state owned hospital located at the above-captioned address.

3. Plaintiff has been an employee of Defendant since November 2011.

4. At all times relevant hereto, Defendant acted by and through its agents, servants, and employees, each of Whom acted Within the scope of his or her jobs responsibilities.

## JURISDICTION AND VENUE

5. Jurisdiction is properly laid out in this Court as Defendant is subject to personal jurisdiction in the state of Pennsylvania.

6. Moreover, Plaintiff's cause of action arises out of Defendant's acts and/or omissions, which occurred in Norristown, Pennsylvania.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

7. The foregoing paragraphs are incorporated by reference herein as if the same were set forth at length.

8. Plaintiff exhausted her administrative remedies under Title VII and the PHRA. Butterbaugh v. Chertoff, 479 F. Supp. 2d 485 (W.D. Pa. 2007).

9. On or around September 2025 Plaintiff filed a timely written Charge of Discrimination (the "Charge"). Plaintiff submitted an amended Charge on September 11, 2025.

10. The Charge, which alleged race discrimination and retaliation, was duly filed with the Pennsylvania Human Relations Commission (the "PHRC") and the Equal Employment Opportunity Commission ("EEOC").

11. Plaintiff received a Notice of Right to Sue relative to the Charge, by mail, on or around September 24, 2025.

12. Plaintiff initiated this action within ninety (90) days of her receipt of the Notice of Right to Sue letter relative the Charge.

## STATEMENT OF FACTS

13. Plaintiff began working for Defendant in or around November 2011 as a Medical Records Assistant.

14. Plaintiff's job duties included generating patient reports, creating new patient charts, patient pre-admission paperwork, and visiting the ward and collecting records.

15. Plaintiff was qualified for her position, and performed well during the entirety of her employment.

16. Plaintiff had multiple superiors including, Director of Medical Records Linda Thurber ("Thurber"), Chief Performance Executive Kristen Clement ("Clement"), and Laura Portnoy Risk Management ("Portnoy").

17. All of the above-referenced supervisors were white.

18. Plaintiff was hired under Clement and her job duties were focused on generating medical reports.

19. Plaintiff's performance reports were excellent and she was seen as a productive employee.

20. In 2019, Thurber became one of Plaintiffs supervisors.

21. Plaintiff experienced discrimination from Thurber and Portnoy including verbal abuse, intimidation and harassment.

22. Thurber subjected Plaintiff to micromanagement, stood in front of her desk, yelled, and would follow Plaintiff down the hallway when Plaintiff would attempt to separate herself from the situation.

23. Plaintiff would often be blamed for her the mistakes of her supervisors.

24. Plaintiff was also tasked with numerous job duties outside of her role.

25. Plaintiff reasonably believed these actions constituted race discrimination.

26. In May of 2018 Plaintiff filed a discrimination complaint with the Equal Employment Opportunity ("EEO") office.

27. Thereafter, the discriminatory behavior continued.

28. In or around September 2023, Plaintiff filed a complaint regarding a violent incident wherein Plaintiff was threatened by Portnoy.

29. Plaintiff as well as other Black employees working for Defendant have recognized an environment of racism.

30. Plaintiff filed a second formal complaint with the EEO in regard to her being overworked and tasks not being evenly distributed, as well as discrimination, defamation of character, and harassment.

31. Nothing was changed by Defendant despite the complaint.

32. Throughout Plaintiff's employment, Thurber did not act abrasively toward, micromanage or yell at White employees.

33. White employees were allowed flexibility that Black employees were not, such as arriving late and leaving early.

34. Portnoy was heard saying the "n-word" to another white employee who shared an office with Plaintiff.

35. Plaintiff expressed her complaints related to Thurber to Portnoy, who was Thurber's direct superior.

36. After each complaint submitted by Plaintiff, Portnoy held a meeting with Plaintiff and Thurber in an attempt to reconcile their differences.

37. Thurber refused to change her behavior and continued to berate Plaintiff in front of other employees.

38. Plaintiff was requested and was granted FMLA for the stress and anxiety created by Thurber.

39. Plaintiff continued to file complaints with Clement in an attempt to subdue the behavior of Thurber.

40. Clement attempted to separate Plaintiff and Thurber, but Thurber would continue to violate Clement's request to isolate from Plaintiff.

41. Portnoy intentionally bumped into Plaintiff

42. As a final attempt to subdue the unfair treatment by her superiors, Plaintiff filed a complaint with the Union in order to find a permanent solution to the treatment she was experiencing.

43. The Union was unable to implement a permanent solution to halt the treatment experienced by Plaintiff.

44. Plaintiff filed another EEOC complaint in July of 2024 alleging retaliation and harassment by Thurber.

45. The complaints filed by Plaintiff were ignored, and no action was taken by the department to discipline those treating Plaintiff unfairly.

46. On March 25, 2025, Plaintiff was terminated from her position as a Medical Records Assistant for allegedly failing to complete work and poor performance.

47. The termination was pretextual. Plaintiff was terminated because of her race, her complaints of discrimination and her FMLA leave.

## COUNT I – RETALIATION
## TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED

48. Plaintiff incorporates by reference each allegation contained in the preceding paragraphs as if the same were set forth more fully at length herein.

49. Plaintiff engaged in activity protected by Title VII.

50. Plaintiff complained of discrimination internally and filed Charges of Discrimination.

51. Thereafter, Defendant took adverse employment actions against Plaintiff, including, but not limited to, intimidation and allowing her to be subjected to additional harassment.

52. There exists a causal connection between Plaintiff's participation of the protected activity and the adverse employment actions.

**WHEREFORE,** Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra.*

## COUNT II - RACE DISCRIMINATION – DISPARATE TREATMENT
## TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED

53. Plaintiff incorporates by reference each allegation contained in the preceding paragraphs as if the same were set forth more fully at length herein.

54. Plaintiff is a member of protected class in that she is Black.

55. Plaintiff was qualified to perform the job for which she was hired.

56. Plaintiff suffered adverse job actions, including, but not limited to, inequal treatment and harassment.

57. Circumstances exist related to the above cited adverse employment actions that give rise

to an inference of discrimination.

58. Defendant discriminated against Plaintiff on the basis of race.

59. No legitimate, non-discriminatory reasons exist for the above cited adverse employment actions that Plaintiff suffered.

60. The reasons cited by Defendant for the above cited adverse employment actions that Plaintiff suffered are pretext for discrimination.

WHEREFORE, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

## COUNT III – RACE DISCRIMINATION – HOSTILE WORK ENVIRONMENT
## TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED

61. Plaintiff incorporates by reference each allegation contained in the preceding paragraphs as if the same were set forth more fully at length herein.

62. Defendant created a hostile work environment for Plaintiff on the basis of her race, as described in preceding paragraphs.

WHEREFORE, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

## COUNT IV- RETALIATION
## THE PENNSYLVANIA HUMAN RELATIONS ACT

63. Plaintiff incorporates by reference each allegation contained in the preceding paragraphs as if the same were set forth more fully at length herein.

64. Plaintiff engaged in activity protected by the Pennsylvania Human Relations Act.

65. Plaintiff complained of discrimination internally.

66. Thereafter, Defendant took adverse employment actions against Plaintiff, including, but not limited to, terminating her.

67. There exists a causal connection between Plaintiff's participation of the protected activity and the adverse employment actions.

WHEREFORE, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

### COUNT V – RACE DISCRIMINATION – DISPARATE TREATMENT
### THE PENNSYLVANIA HUMAN RELATIONS ACT

68. Plaintiff incorporates by reference each allegation contained in the preceding paragraphs as if the same were set forth more fully at length herein.

69. The foregoing conduct by Defendant constitutes unlawful discrimination against Plaintiff on the basis of her race.

70. As a result of Defendant's unlawful race discrimination, Plaintiff has suffered damages as set forth herein.

WHEREFORE, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

### COUNT VI- RACE DISCRIMINATION- HOSTILE WORK ENVIRONMENT
### THE PENNSYLVANIA HUMAN RELATIONS ACT

71. Plaintiff incorporates by reference each allegation contained in the preceding paragraphs as if the same were set forth more fully at length herein.

72. Defendant created a hostile work environment for Plaintiff on the basis of her race, as described in preceding paragraphs.

WHEREFORE, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

### COUNT VII- RETALIATION
### 29 U.S.C. § 2601 et seq. (FMLA)

73. Plaintiff repeats and re-alleges each and every allegation set forth in the preceding paragraphs of the Complaint as if fully set forth herein.

74. Plaintiff engaged in activity protected by the FMLA by requesting and taking leave under the FMLA.

75. By and through its course of conduct as alleged herein, Defendant retaliated against Plaintiff by terminating him in retaliation for Plaintiff exercising his rights under the FMLA.

76. Defendant's actions violate the FMLA.

77. Defendant's conduct was intentional, deliberate, willful, and conducted in callous disregard of the protected rights of Plaintiff.

78. Defendant subjected Plaintiff to an adverse employment action by terminating him.

79. Defendant had no legitimate, nondiscriminatory or nonretaliatory reason for its actions.

80. As a direct and proximate result of Defendant's illegal discrimination, Plaintiff has suffered and will continue to suffer severe harm, and is entitled to all legal and equitable remedies available under the FMLA, including, but not limited to, compensatory and liquidated damages, in amounts to be determined at trial.

81. Plaintiff is further entitled to an award of reasonable attorney's fees and costs and any other relief that this court deems just and proper under the circumstances.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, Towanda Moon, requests that the Court grant her the following relief against Defendant:

(a)     Damages for past and future monetary losses as a result of Defendant's unlawful discrimination;

(b)     Compensatory damages;

(c)     Punitive damages;

(d)     Liquidated damages;

(e)     Emotional pain and suffering;

(f)    Reasonable attorneys' fees;

(g)    Recoverable costs;

(h)    Pre and post judgment interest;

(i)    An allowance to compensate for negative tax consequences;

(j)    A permanent injunction enjoining Defendant, its directors, officers, employees, agents, successors, heirs and assigns, and all persons in active concert or participation with them, from engaging in, ratifying, or refusing to correct, employment practices which discriminate and/or retaliate in violation of Title VII, the PHRA and the FMLA.

(k)    Order Defendant to remove and expunge, or to cause to be removed and expunged, all negative, discriminatory, and/or defamatory memoranda and documentation from Plaintiff's record of employment, including, but not limited, the pre-textual reasons cited for her adverse actions, disciplines, and termination; and

(l)    Awarding extraordinary, equitable and/or injunctive relief as permitted by law and/or equity.

ZEFF LAW FIRM, LLC

/s/*Gregg L. Zeff, Esq.*
Gregg L. Zeff, Esquire
Eva C. Zelson, Esquire
*Attorneys for Plaintiff*

Dated: December 9, 2025

## <u>JURY TRIAL DEMAND</u>

Demand is hereby made for a trial by jury as to all issues.

## <u>CERTIFICATION</u>

I hereby certify that to the best of my knowledge and belief the above matter in controversy is not

the subject of any other action pending in any court or of a pending arbitration proceeding, nor at

the present time any other action or arbitration proceeding contemplated.

**ZEFF LAW FIRM, LLC**

*/s/Gregg L. Zeff, Esq.*
Gregg L. Zeff, Esquire
Eva C. Zelson, Esquire
*Attorneys for Plaintiff*

Dated: December 9, 2025

Case# 2025-29966-0 Docketed at Montgomery County Prothonotary on 02/09/2026 2:09 PM, Fee = $90,00.50. The filed filee edfr86 as at that this filing ng proprieties with the para provisions of the Public Access Policy the Unified

## VERIFICATON

I, Towanda Moon, verify that the statements made in this Complaint are true and correct. I understand that false statements herein are made subject to the penalties of 18 Pa.C.S. §4904, relating to unsworn falsification to authorities.

_____
Towanda Moon [Dec 9, 2025 14:79:93 ST]

Towanda Moon

Dated: 09/12/2025